Collins *vs.* Miller.

E. H. BEALL, for defendant, said the parol evidence could not vary the written contract.

BRYANT COLLINS, plaintiff in error, *vs.* BRIGHT MILLER, defendant in error.

A promissory note given by a citizen of this State to a citizen and resident of another State, who has not resided here since the note was given, and does not now reside here, and has not kept the note here until it is sued, is not subject to taxation in this State, and if a suit be pending on the same, proof of these facts will excuse the plaintiff, nonresident, from filing the affidavit required by the Act of October 13th, 1870.

Tax Relief Act of 1870. Before Judge HARRELL. Stewart Superior Court. April Term, 1871.

This was a suit on a note made in 1859. The plaintiff did not file any affidavit as to payment of taxes under the Relief act of 13th of October, 1870. When it was called, plaintiff's attorney proposed to prove that when said note was made, and ever since, plaintiff was a citizen of and residing in Texas, and contended that this exempted him from the operation of said act, because he owed no tax to Georgia on said note. The Court would not hear the evidence, and dismissed the cause for want of said affidavit. This is assigned as error.

E. G. RAIFORD, E. H. WORRILL, for plaintiff in error.

J. S. WIMBERLY, M. GILLIS, by H. FELDER, for defendants.

McCAY, Judge.

The Act of October 13th, 1870, ought to receive a reasonable construction. We have held in the leading case under that Act, to-wit:—the case of *Walker vs. Whitehead*—that the power of the Legislature to pass it is derived from its power to take any means to enforce the payment of its revenues. We are clear that if the plaintiff, at the time of the contract, and since, has resided out of the State, he owes the State no tax, and never did owe it any tax on this debt. Why should he be compelled to make his affidavit, when a state of facts is admitted which shows there has never been any tax due? This is not like an effort to show the tax has been paid, and thus escape the consequence of having failed to file the affidavit. The facts show that this was not a *taxable debt*—that it was not one of the debts contemplated by the Act of October 13th, 1870.

Our tax laws, in terms, tax notes, bonds, etc., held by citizens of this State on citizens of other States: Code, section 798. The inference is strong that it was not intended to tax debts held by citizens and residents of other States on

persons in this State. Section 800 of the Code, it is true, provides that all *property* of non-residents, if it be *in* this State, shall be taxed, and there may be some ground for holding that a debt on a resident of Georgia is property in this State. Indeed, there are decisions of Courts to this effect. If, however, this be the truth, all the lawyers in Georgia, since the *ad valorem* tax rule has been introduced, have been violating the law. We have never heard of an instance where a lawyer has given in the notes of his client in his hands for taxes; and yet, if this be the meaning of the law, he ought to do this. Such, we are sure, has never been understood to be *its* meaning, and the very fact that we tax notes held by residents on non-residents, is a clear indication that the law looks upon the property in a debt as having its location with the creditor. If not, the State would be taxing property *not in the State*, which would be onerous and unjust, since it is presumed that each State will charge its residents with tax on the property situated within its bounds. We are, therefore, satisfied that, by the tax laws of this State, debts held by non-residents on residents here are not taxable property; and this being so, the Act of October 13th, 1870, does not apply to the case.

It ha been argued that the words of the Act cover all legal taxes due, and that this may include taxes due other States or the United States.

Perhaps it would be competent for the Legislature so to declare, but we think it would be a very strong construction of *this law* so to hold. So far as the taxes of other States are concerned, our Legislature could have no possible motive for such a law. It is true, as citizens of the United States, this State has an equal interest with any other in seeing to it that parties perform their duty in this respect. But, whilst we think it would be perfectly competent for the Legislature to grant this aid to the United States, we will not presume such was the intent, without express words to that effect. The words all "legal taxes" are fully met by

all legal taxes due this State, as it cannot be *presumed* that the Legislature contemplated the United States or other States.

Judgment reversed.