F. A. WILLIAMS, plaintiff in error, *vs.* ADOLPH G. MANDELL, defendant in error.

1. A plaintiff who resides out of the State is not required to pay taxes on his debt under the provisions of the Act of 1870.
2. A fact admitted in the bill of exceptions may be the basis of an affirmance of the judgment below, though that fact did not appear in the proceedings below. (R.)

Relief Acts of 1868 and 1870.    Taxes.    Before Judge HOPKINS.    Fulton Superior Court.    April Term, 1870.

In April, 1866, Mandell obtained a judgment against Williams for $196 00, principal, and $68 25 interest. *Fi. fa.* was issued and levied upon William's property in March, 1869. Williams filed his affidavit that said judgment was founded upon a contract made prior to June, 1865, and that he desired to take the benefit of the Relief Act of 1868. The cause was continued. In February, 1871, he filed an amendatory affidavit, stating that he had filed the other, and now wished the benefit of the Relief Act of 13th of October, 1870, that plaintiff had not filed an affidavit of the payment of taxes as required by said last Act, that he, Williams, had lost by the results of the late war $15,000 00, and that he had not had the benefit of any former reduction on said debt because of such loss.

When the cause was called for trial, Mandell's counsel moved to dismiss said affidavits, and that the *fi. fa.* proceed. Williams' attorney proposed to prove that this cause was tried when he was at home, sick in bed, and in the absence of his counsel, and that he did not owe the debt. The Court rejected this evidence, dismissed the affidavits and ordered the *fi. fa.* to proceed. Williams sued out his writ of error, assigning said action as error. In *it* he admitted that Mandell was a citizen of New York when the judgment was obtained, and ever since.

FARROW & THOMAS, for plaintiff in error. Relief Act of 1870 is constitutional. Non-residence makes no difference: Article 4th, section 2d, Constitution of United States; Cooley's Con. L., 397; Revised Code, sections 2211, 2212, 2213, 3522, 3523, 797, 800, 826. As to relief, see 40 Ga. R., 494, 327.

L. J. GLENN & SON, for defendant. First affidavit was insufficient without more: 40 Ga. R., 326. Loss not as-

cribed to Mandell: 40 Ga. R., 154, 175.  Non-resident owes no tax on judgments here: Collins *vs.* Miller, this term. Evidence offered inadmissible: Revised Code, section 3450; 40 Ga. R., 493.

WARNER, Judge.

This was an affidavit of illegality filed by the defendant to the plaintiff's execution, claiming the benefit of the Relief Act of 1868, for losses sustained by the war, and on the ground that the plaintiff had not filed an affidavit of the payment of taxes due on the debt, as required by the Act of 1870.   The affidavit did not show that the plaintiff was in any way connected with the defendant's loss of property by the war.   It also appeared in the record that the plaintiff resided in the State of New York at the time the judgment was obtained, and has resided there ever since that time. The Court dismissed the affidavit of illegality and the defendant excepted.   Held, that there was no error in the Court below in dismissing the affidavit of illegality on the statement of facts disclosed by the record.

Judgment affirmed.