ARMOUR PACKING COMPANY *v.* MAYOR AND ALDER-MEN OF THE CITY OF SAVANNAH *et al.*

When a trading corporation has a fixed and permanent place of business in the City of Savannah, at which it regularly sells goods for cash and on account, its property within the city, including its money and the solvent accounts due to it in the course of such business, is taxable by the municipal authorities of that city, although the chief office of the corporation is, by its charter, located in a State other than Georgia and its principal place of business is situated in still another State of the Union.

Submitted March 1, — Decided April 2, 1902.

Petition for injunction. Before Judge Barrow. Chatham superior court. January 17, 1902.

*O'Connor, O'Bryne & Hartridge*, for plaintiff: Plaintiff is not a domestic corporation; therefore the place at which the debts may be payable makes no difference as to the situs. 61 N. Y. 524; 46 Am. St. Rep. 923, 924; 183 Ill. 278, s. c. 55 N. E. 700. Domicile of corporation is in State from which it derives existence. 13 Am. & Eng. Enc. L. (2d ed.) 837; 14 *Ga*. 328 (9). It can not have two domiciles. 1 Thomp. Corp. § 688. Doing business in another State gives it no residence there. 11 Wall. 210; 100 U. S. 491; 104 U. S. 5; Dicey, Domicile, 112. Situs of debts, for taxation, is at creditor's residence; no matter where notes or accounts may be. 25 Am. & Eng. Enc. L. (1st ed.) 146 — 7; Cooley, Tax. 15; Burroughs, Tax. 41; Desty, Tax. 326; Whart. Conf. Laws, § 80; 15 Wall. 300; 96 U. S. 432; 150 N. Y. 1, s. c. 34 L. R. A. 238; 41 L. R. A. 332; 11 S. W. 348; 45 Ohio St. 232, s. c. 12 N. E. 796; 79 Fed. 138; 69 Am. St. Rep. 117. This applies to corporations as well as to individuals. 62 Am. St. Rep. 452, see note, 448 — 465. The corporation may have a business situs elsewhere (35 Minn. 215; 106 Ill. 25; 62 Am. St. Rep. 464); but this situs must be permanent in its nature. 96 Ala. 144; 57 Tex. 395; 62 Am. St. Rep.

464—473. Burden on the authorities to show situs within their jurisdiction. 19 Mo. App. 573; 62 Am. St. Rep. 473. A case similar to the one at bar, where the decision was in favor of the company: 24 So. Rep. 224. And see 51 La. Ann. 1028, s. c. 72 Am. St. Rep. 483—488; 39 N. Y. Supp. 151, aff'd 44 N. E. 1128; 51 N. E. 1044. 30 So. 51 does not conflict with 24 So. 224. The doctrine of early decisions in this State (23 *Ga.* 569; 33 *Ga.* 113), that the situs of the debt is at the debtor's residence, has been departed from, and the rule adopted that the creditor's residence is the situs. 43 *Ga.* 336; 50 *Ga.* 392; 64 *Ga.* 799; 90 *Ga.* 648; 104 *Ga.* 496 (6).

*Samuel B. Adams*, for defendants, commented on cases cited above, and cited Code of 1882, § 4847; Political Code, §§ 767, 769; 30 So. 51; 166 U. S. 223 et seq.; 11 S. W. 353, 355.

FISH, J. The Armour Packing Company filed, in the superior court of Chatham county, its petition praying for an order to restrain and enjoin the Mayor and Aldermen of the City of Savannah and Charles S. Hardee and Henry E. Dreeson, treasurer and marshal, respectively, of the city, from collecting certain tax fi. fas. issued against the petitioner and its property. Upon the hearing Judge Barrow refused to grant an interlocutory injunction; to which ruling petitioner excepted, upon the ground that the money and accounts sought to be taxed did not have a situs within the City of Savannah. In refusing the injunction, his honor passed the following order:

" Armour Packing Company is a corporation, which is a citizen of the State of New Jersey, having been organized under the laws of that State. Its principal place of business, however, at present, is at Kansas City, Kansas, having been recently removed from Kansas City, Missouri, across the line to another part of city which lies in the State of Kansas. It owns a piece of real estate in the City of Savannah, on which it does business in its own name through an agent. The business consists in the selling of bacon and other similar food products. The agent at the Savannah place of business sells the bacon to his customers in and around Savannah, delivers the goods, collects the money and deposits it in the Savannah Banks to the credit of his principal, Armour Packing Company. It is allowed to remain a few days there until it accumulates, and then is remitted to New York, which is another

branch office of the Armour Packing Company.   Money is also on deposit, belonging to the Armour Packing Company, in a Savannah bank, which is used for the purpose of paying the expenses of the Savannah office of the company.   Some sales were on credit, and the amounts due appeared on the books, although the credits were short.  The city assessors valued the cash and solvent accounts of the company, for the purposes of taxation, at five thousand dollars ($5,000.00), and attempted to collect the tax by levy, payment being refused by the company.   The Packing Company insists that the money and accounts due to the Armour Packing Company in Savannah are not taxable by the City of Savannah, for the reason that they have their situs at the domicile of the owner, the Packing Company, and therefore, in contemplation of the law, are not situate at Savannah or elsewhere in the State of Georgia.   It does not concern this decision to inquire where they are situated, if not here.   The corporation is a citizen of New Jersey, its principal place of business is in Kansas, and the money, when remitted from here, is sent to New York.   The question is, has this company acquired such a residence in the City of Savannah, for the purposes of taxation, as to subject its cash and solvent accounts to taxation by the city authorities?   The weight of authority is in favor of the authority of the city to tax this property here.   It is true that personal property follows the domicile and has no situs of its own; but it is equally as true that, for the purposes of taxation, property situated as this cash and these accounts are situated is subject to statutory control.   It is competent for the legislature of this State to enact laws and to authorize cities to pass ordinances taxing the personal property of non-resident owners, in this State, used in its business in this State and received here in carrying on its business. The whole doctrine of the taxation of personal property of railroad companies in Georgia by counties and cities is based upon this principle.   The legislature has the right to locate personal property in counties or cities, respectively, for the purposes of taxation, regardless of the domicile of the owner and of the fact that the personal property in question thus taxed may, in point of fact, never physically have been within the limits of those counties or cities. But, in this case, the property which is taxed was actually within the jurisdictional limits of the taxing power.   It was here in Savannah when it was taxed by the authorities of Savannah.   The

legislature of Georgia has authorized the City of Savannah, in its charter, to pass such ordinances, for the purposes of taxation, as the one upon which this levy is based. It seems, therefore, that this case falls within the rule that, for the purposes of taxation, personal property of non-resident owners, used by them in their business in this State and received by them in carrying on their business in this State, is subject to taxation by the authorities of this State. Nothing is intended to be decided which will prevent the Armour Packing Company from raising the question of excessive valuation of its property. The injunction is refused."

We are of opinion that this order of the learned trial judge correctly states the law applicable to the case, and there is little left to be added upon the subject. Under the facts stated in the order and which are supported by the record, we think the situs of the property assessed for taxation was within the limits of the City of Savannah, by reason of the fact that the business of the Armour Packing Company, from which such property was derived, was permanently conducted in that city, by a manager or agent of such company. Morever, it is well settled that the situs of all property, whether tangible or intangible, is, for taxable purposes, the subject of statutory regulation and control. Welty on Assessments, § 30. In chartering the City of Savannah, we think the legislature conferred upon its mayor and aldermen power and authority to separate, for the purposes of taxation, the situs of property of the character of that in question, belonging to non-residents, from the domicile of the owner. The charter of the city (Code of 1882, § 4847) provides that its mayor and aldermen shall be vested " with full power and authority to make such assessments and lay such taxes on the inhabitants of said city, and those who hold taxable property within the same, and those who transact or offer to transact business therein, as said corporate authorities may deem expedient for the safety, benefit, convenience, and advantage of said city, and may enforce the payments of such assessments and taxes in such manner as said mayor and aldermen may prescribe. Besides real and personal property, the said mayor and aldermen may tax capital invested in said city, stocks in money corporations, choses in action, income and commissions derived from the pursuit of any profession, faculty, trade or calling, dividends, bank, insurance, express and other agencies, and all other property or sources of profit not

expressly prohibited or exempt by State law or competent authority of the United States." The mayor and aldermen, therefore, have authority to assess and lay taxes, not only on the inhabitants of the city and those who hold taxable property within the same, but also on "those who transact or offer to transact business therein." We do not think that the words last quoted refer alone to a specific tax for the privilege of conducting the business, but think they are sufficiently broad to cover business assets of every kind and character. The tax ordinances of the city for 1899 and 1900, the years for which the taxes the collection of which is sought to be enjoined were levied, are as broad as the grant of power in the charter. Section 3 of the tax ordinance for 1899 provides: "Every person and corporation owning or holding in trust or consignment . . notes, or other evidences of debt, money, solvent debts, stock in trade, and every other kind of personal property whatsoever, shall pay a tax at the rate of one and forty-five one-hundredths per centum on the value of such personal property whatsoever owned or held on the first day of January, 1899," etc. A similar ordinance was adopted for the year 1900.

We are aware that the Supreme Court of Mississippi, in the case of Vicksburg *v.* Armour Packing Co., 24 So. Rep. 224, has held, under facts very similar to those in the case which we have under consideration, that certain notes and accounts due the Armour Packing Company in its business in Vicksburg did not have such a business situs in that city as made them subject to taxation by its municipal authorities; but Terrell, J., in delivering the opinion of the court, admitted that there were authorities contrary to the view which that court entertained on the subject. Besides, it does not appear that the City of Vicksburg had, under its charter, the same authority to assess and levy taxes upon the particular character of property above referred to as that which has been conferred upon the municipal authorities of the City of Savannah.

There being no error in the refusal of the interlocutory injunction, the judgment of the court below is affirmed.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*