ARMOUR PACKING COMPANY *v.* CITY COUNCIL OF AUGUSTA.

Notes, accounts, and other choses in action in the hands of an agent of a non-resident corporation doing business in a municipal corporation of this State, and which were received in the course of the business so conducted, are taxable by such municipal corporation, it having general statutory authority to tax property of every kind situated within its limits.

Argued July 18,— Decided August 13, 1903.

Petition for injunction. Before Judge Gary. Richmond superior court. April 2, 1903.

*C. Henry Cohen, Boykin Wright,* and *Felder & Rountree,* for plaintiff. *William H. Barrett,* for defendant.

COBB, J. The Armour Packing Company, a corporation chartered under the laws of the State of New Jersey, has a place of business in the City of Augusta, with a manager to whom it ships meats to be sold, and the amounts realized from the sale of such meats are remitted daily to the Packing Company at Kansas City, Missouri, none of the money being invested in the city of Augusta. The Packing Company's branch at Augusta does business on credit as well as for cash, and in January, 1900, had upon its books in Augusta notes, accounts, and choses in action received from the sale of meats and other products, amounting to $6,000. The question is whether the City of Augusta has power to levy a tax upon debts due the corporation such as these notes, accounts, and choses in action. The facts of this case are substantially the same as those in *Armour Packing Company* v. *Savannah,* 115 *Ga.* 140, where

it was held that the money and solvent accounts due the corporation were taxable in Savannah.    A careful examination of the opinion shows that the decision was based upon the rule thought to be applicable under general principles of law, and also upon a section of the charter of Savannah which was construed to confer the power to tax.    It is therefore to be seen that the exact question has been decided by this court.  We have been requested to review and overrule that decision, or, at least so much of it as held that the City of Savannah had authority to levy the tax under principles of general law.    We are of opinion, however, that the decision is sound, and decline to overrule it.

It is to be conceded that by the decided weight of authority the general rule is that debts follow the person of the creditor and are to be taxed at his domicile.    This court, however, held in an early case that, for purposes of taxation, the situs of a debt is the place where the debtor resides.  *Bridges* v. *Griffin*, 33 *Ga.* 113.  In that case it was sought to tax notes owned by a resident of this State, due by persons residing without the State.  Such notes and other evidences of indebtedness are now taxable by express statute.  Pol. Code, § 776; *Collins* v. *Miller*, 43 *Ga.* 336; *Cary* v. *Edmondson*, 44 *Ga.* 651; *City Council of Augusta* v. *Dunbar*, 50 *Ga.* 387.   These cases have little bearing on the question now in hand.    It is conceded, of course, that tangible personal property is taxable whereever it is situated, and that for purposes of taxation the maxim that personal property follows the owner does not apply.  It is claimed, however, that it does apply in all cases to intangible personal property, such as notes, bonds, accounts, etc.    We do not agree that this is a universal rule  even as applied to that class of property, and we are not, as was suggested by the able counsel for the plaintiff in error, alone in this opinion.    Courts of high standing and ability have held that the situs of negotiable instruments for purposes of taxation is at the place where they are actually situated, without regard to the residence of the owner.  See 25 Am. & Eng. Enc. L. (2d ed.) 147; Wilcox *v.* Ellis, 14 Kan. 588, 603; Fisher *v.* Com., 19 Kan. 414; People *v.* Gardner, 51 Barb. 352, 357–359, and cases cited; People *v.* Trustees, 48 N. Y. 397; Catlin *v.* Hull, 21 Vt. 152; In re Jefferson, 35 Minn. 215; People *v.* Home Insurance Co., 29 Cal. 533; Poppleton *v.* Yamhill County, 18 Or. 377; Taylor *v.* County Court, 47 Mo. 594; Redmond *v.* Commissioners, 87 N. C. 122.

The reasoning upon which these decisions is based would make them applicable to other species of intangible property than negotiable securities.     They proceed upon the ground that wherever property is actually situated and receives the protection of the laws, it is subject to taxation, whether tangible or intangible.     The ground upon which we rest our decision in this case is, that when a non-resident goes into another State for the purpose of doing business, and employs an agent there to transact his business, receive money due him, contract debts for him, purchase property to be used in the business, and exercise a general management of such business, he can not escape the burden of taxation which his property of every description situated in this State ought to bear, by invoking the fiction that intangible property has its situs where the owner resides.     It is just and fair that the State which affords his property protection should have a right to lay upon it its proportionate burden of taxation.     This fiction has no application in matters of taxation, at least in such a case as is presented in this record.     To all intents and purposes these notes and accounts are a part of the business being conducted in Augusta.     They were received in the course of that business and represent part of the capital employed in the business.     They are, in short, as much taxable as is the tangible personal property actually employed in the conduct of the business in that city.     These views are based upon sound reasoning, good sense, as well as the principles of common justice, and are not without authority to support them; nor are they necessarily in conflict with the rule that the situs of a debt is, generally, at the place where the creditor resides.     Mr. Desty lays down the following rule : "The situs of personal property, whether tangible or intangible, for the purposes of taxation, unless otherwise provided by statute, is at the place of residence of the owner, the only exception being where the property is employed in business, or is in the hands of an agent of the owner having an actual situs different from the domicile of the owner. It is not necessary, therefore, that the owner should reside within the State, to render his personal property situated within the State liable to taxation."     1 Desty on Taxation, § 67, p. 322.

In Redmond *v.* Rutherford, 87 N. C. 122, it was held:   "Personal property of a non-resident (here notes secured by land) held by his agent in this State, is subject to tax here.     The legal fic-

tion that it is deemed to follow the person of the owner has no application to questions of revenue." We quote the following from the opinion of Ruffin, J.: "The debts due to the plaintiffs upon their land contracts are personal estate, the same as if they were due upon notes or bonds; and so far as they have any substantial existence, they are in this State and not elsewhere. Their validity and protection, and the remedies for their enforcement, all depend upon the laws of this State, and in neither respect (or in any other that we can now think of) do they take any benefit from the laws of the plaintiffs' domicil. It is but just, therefore, that they should contribute towards the support of the only government which affords them protection, and help to defray the expenses incurred in so doing. The actual situs and control of the property within this State, and the fact that it enjoys the protection of the laws here, are conditions which subject it to taxation here; and the legal fiction, which is sometimes for other purposes indulged, that it is deemed to follow the person of the owner, and to be present at the place of his domicil, has no application. In such case, the maxim *mobilia personam sequuntur* gives way to the other maxim *in fictione juris semper æquitas existat.*" In People v. Home Insurance Company, 29 Cal. 533, it was held that bonds in the hands of an agent or trustee of a non-resident owner were taxable by the State in which the agent resided. In the case of Adams Express Company v. Ohio, 166 U. S. 186, the question arose as to the right of a State to tax the franchise of a foreign corporation doing business within the State. It was held that the capital stock of a corporation represents not only its tangible property, but also its intangible property, including corporate franchises, contracts, privileges, and the good will of the concern; and that when the tangible property of a corporation is scattered through different States by means of which its business is transacted in each, "the situs of this intangible property is not simply where its home office is, but is distributed wherever its tangible property is located and its work is done. No fine-spun theories about situs should interfere to enable these large corporations, whose business is of necessity carried on through many States, from bearing in each State such burden of taxation as a fair distribution of the actual value of their property among those States requires." See the opinion on pages 223–225, where it is said that the maxim *mo-*

*bilia personam sequuntur* was never of universal application, and seldom interferes with the right of taxation. See also Judson on Taxation, § 258; Burroughs on Taxation, 60; 25 Am. & Eng. Enc. L. (1st ed.) 146; Buck *v.* Miller, 147 Ind. 586, 62 Am. St. Rep. 436, and notes on pp. 455–457; notes to Boyd *v.* Selma, 16 L. R. A. 731–732; Bristol *v.* Washington County, 177 U. S. 133; New Orleans *v.* Slempel, 175 U. S. 309.

This view of the matter makes it unnecessary to determine whether, independently of the principle above announced, the City of Augusta had legislative authority to tax notes and accounts due the Armour Packing Company. The city manifestly has authority to tax property of every kind and character situated within its limits, and these notes and accounts of the plaintiff we hold, under the facts of this case, to be personal property having a situs in Augusta for purposes of municipal taxation, and, as we have shown above, the exercise of this right is not only manifestly just, but is also not without judicial precedent. There is nothing in the ruling now made which conflicts with the decision in *Trustees* v. *Augusta*, 90 *Ga.* 634. In that case there were several trustees of a fund. Some of them resided in the City of Augusta and others resided in the County of Richmond outside the city. No business of any character was carried on or attempted by any of these trustees in or outside the city, or by any one in their behalf.

The right of this State or one of its subordinate political divisions to tax all the intangible property of a person resident in this State or a domestic corporation, at the place of residence of such person or the principal office of such corporation, is not involved in this case.

*Judgment affirmed. By four Justices. Lamar, J., disqualified.*