ARMOUR PACKING COMPANY *v.* CLARK, sheriff, *et al.*

A New Jersey corporation with its principal office in Missouri had also a place of business in Richmond county, Georgia, in the charge of an agent of limited authority. The goods used in the business were shipped to Augusta from the Missouri headquarters, and were then sold, either in broken or unbroken packages. Some of the sales were on credit, and to parties living both in Georgia and South Carolina, the notes taken in the course of the business being forwarded to the principal office and paid either there or through the Augusta agency; and when the notes and accounts were collected in Augusta the amounts realized were sent immediately to the principal office. *Held,* that these notes and accounts were subject to State and county taxation in Richmond county.

Argued October 9,—Decided November 20, 1905.

Equitable petition. Before Judge Hammond. Richmond superior court. March 22, 1905.

*Felder & Rountree* and *C. E. Dunbar,* for plaintiff.

*Lamar & Callaway* and *O. R. Eve,* for defendants.

CANDLER, J. The Armour Packing Company is a New Jersey corporation having its principal office and place of business in Kansas City, Missouri. It also has a place of business in Augusta, Georgia, in the charge of an agent, who, it is alleged, is clothed with no discretion whatever, "has no right to purchase property to be used in said business, or to exercise a general management of the same, . . but is simply an employee of [the packing company], and acts in all matters pursuant to instructions received from" it. The products of the packing-house are shipped to the Augusta agency in bulk, and are stored in bulk until they are sold. They are then shipped from Augusta, either in original packages or after the packages have been broken. A considerable portion of the business done by the Augusta agency is upon orders from South Carolina, and many of these orders are filled by the shipment of original packages which have not been broken since their shipment from the packing-house. In the conduct of its business from its Augusta agency both cash and credit sales are made. When notes are taken, they are listed and forwarded to the principal office, payments being made either directly or through the Augusta office. When cash sales are made, the amounts realized are remitted promptly to the principal office in Kansas City; and when the sales are on credit, the sums realized from collections are also immediately sent forward to the principal office.

24

The question for our decision is whether the notes and accounts representing these credit transactions are liable for State and county taxation in Richmond county. We do not hesitate to decide this question in the affirmative. The cases of *Armour Packing Co.* v. *Savannah,* 115 *Ga.* 140, and *Armour Packing Co.* v. *Augusta,* 118 *Ga.* 552, decide squarely the question here presented, with reference to the right of a municipal corporation to tax notes and accounts such as are involved in the present case. It will not be contended that the power of a city to levy taxes is greater than that of the State which created it; so that the only question left to decide is whether, as a matter of fact, the State has exercised its power in this respect and made this class of property subject to State and county taxation. The Political Code, §767, declares that "All real and personal estate, whether owned by individuals or corporations, resident or non-resident, is liable to taxation." Section 769 declares specifically that all the property of non-residents, whether real or personal, must bear its burden of taxation, not greater than that imposed on the property of residents of the State. Section 776 provides that "bonds, notes, or other obligations for money," of non-residents, whether individuals or corporations, "are the subjects of return and taxation in this State." In the face of these plain provisions of the code it is difficult to see how it can seriously be contended that there has been no effort in this State to subject this class of property to taxation.

But it is contended by counsel for the plaintiff in error that the Savannah and Augusta cases to which reference has been made are in conflict with the earlier cases of *Collins* v. *Miller,* 43 *Ga.* 336, *Cary* v. *Edmondson,* 44 *Ga.* 651, and *City Council of Augusta* v. *Dunbar,* 50 *Ga.* 387, and for that reason should not now be followed. In *Armour Packing Co.* v. *Augusta,* 118 *Ga.* 553, those very cases were considered and discussed, and the court, speaking through Mr. Justice Cobb, said: "These cases have little bearing on the question now in hand. It is conceded, of course, that tangible personal property is taxable wherever it is situated, and that for purposes of taxation the maxim that personal property follows the owner does not apply. It is claimed, however, that it does apply in all cases to intangible personal property, such as notes, bonds, accounts, etc. We do not agree that this is a universal rule even as applied to that class of property, and we are not, as was suggested

by the able counsel for the plaintiff in error, alone in this opinion. . . The ground upon which we rest our decision in this case is, that when a non-resident goes into another State for the purpose of doing business, and employs an agent there to transact his business, receive money due him, contract debts for him, purchase property to be used in the business, and exercise a general management of such business, he can not escape the burden of taxation which his property of every description situated in this State ought to bear, by invoking the fiction that intangible property has its situs where the owner resides." We do not lose sight of the fact that, according to the allegations of the petition in this case, the authority of the plaintiff's agent in the city of Augusta is much more restricted than that of the agent in the case from which we have quoted; but we fail to see that this alters the principle involved in any degree. The plaintiff shipped its meats from Kansas City, but its business was conducted in Augusta. Its agent had only a limited authority; but there is no escape from the important fact that, regardless of any considerations as to the point from which it obtained its stock of goods or the extent to which its agent was authorized to act for it, the plaintiff was engaged in conducting a business in the city of Augusta, and in the conduct of that business the fact of his non-residence gave him no more favored position than that occupied by resident dealers of like character. The Savannah and Augusta cases heretofore mentioned were both decided by less than a full bench, but the reasoning upon which they rest seems to us to be irresistible, and to apply with peculiar force to the case now under consideration. There was no error in the ruling of the court below, complained of in the bill of exceptions.

*Judgment affirmed. All the Justices concur.*