### NATIONAL MORTGAGE CORPORATION *v.* SUTTLES, tax-collector, *et al.*

No. 14180. SEPTEMBER 24, 1942. REHEARING DENIED OCTOBER 23, 1942.

*John P. Stewart,* for plaintiff.

*Ralph H. Pharr, E. Harold Sheats,* and *W. S. Northcutt,* for defendants.

On motion for rehearing: *J. A. McCurdy, Granger Hansell, W. O. DuVall, J. L. R. Boyd, William Wallace Lyons,* and *W. J. Parker Jr.,* as amici curiæ.

ATKINSON, Presiding Justice. 1. "(a) According to previous decisions by this court construing Georgia statutes, a promissory note executed by a resident of this State, but owned by a nonresident and held by the latter at his domicile out of this State, is to be taxed here only if it is derived from or is used as an incident of property owned or of a business conducted by the nonresident or his agent in Georgia; and this is true although the note may be secured by a mortgage on land situated in this State. *Col-*

lins v. *Miller,* 43 *Ga.* 336; *Carhart* v. *Paramore,* 44 *Ga.* 262; *Cary* v. *Edmondson,* 44 *Ga.* 651; *Armour Packing Co.* v. *Savannah,* 115 *Ga.* 140 (41 S. E. 237); *Armour Packing Co.* v. *Augusta,* 118 *Ga.* 552 (45 S. E. 424, 98 Am. St. R. 128); *Armour Packing Co.* v. *Clark,* 124 *Ga.* 369 (52 S. E. 145); *Columbus Mutual Life Insurance Co.* v. *Gullatt,* 189 *Ga.* 747 (8 S. E. 2d, 38). (b) Where notes and mortgages are so owned and held by a non-resident, the maintenance of an office and agency in this State for the purpose merely of protecting the security and ultimate collection or liquidation of the indebtedness, the papers themselves being sent into this State only when needed for cancellation, renewal, or foreclosure, would not be using them in this State, within the rule enunciated. *Collins* v. *Miller,* supra; *Cary* v. *Edmondson,* supra." *Suttles* v. *Associated Mortgage Cos.,* 193 *Ga.* 78 (17 S. E. 2d, 272).

2. The undisputed facts in the instant case show that the property sought to be taxed was acquired and held by a non-resident under a plan and arrangement similar in principle to that which obtained in the above-cited case. The non-resident owner did not maintain an office or agency in the State, but would return the securities to separate and independent agencies in this State for the purpose merely of protecting the securities and ultimate collection or liquidation or renewal thereof. The method of handling the securities was not such as to become "an integral part of some local business conducted by him or his agent," as was ruled in *Suttles* v. *Northwestern Mutual Life Insurance Co.,* 193 *Ga.* 495. (2, a) (19 S. E. 2d, 396). In the circumstances a judgment by the court without a jury was demanded for the plaintiff non-resident corporation against whom the tax was sought to be assessed. The court erred in denying a new trial. The controlling question in the case is as to taxability of the property; and under the above ruling it is unnecessary to deal with the special grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

BELL, Presiding Justice, and GRICE, Justice. The decision in this case is characteristic of many which bear the name of the same learned but now lamented Justice, being concise and to the point, with only brief discussion of the law or the facts, as was true of numerous others prepared by him, where the rules of law

were considered well settled and the facts clearly fell within stated principles. The length of an opinion is no criterion of the amount of care, research, and study spent on the consideration of a particular case. Whether an opinion be brief or extended is usually a matter of judicial taste, habit, or temperament, while it may of course depend also on the nature of the questions involved, and other matters. The Justice who thus spoke for the court having now departed this life, if anything is to be said on motion for rehearing, it will have to be said through another or others. In view of certain contentions that have been presented therein, perhaps some comment should be made in response to the motion, although it is deemed unnecessary now, as on original consideration, to discuss the law or the facts more than was then done, with the exception of a few brief observations, prompted in part by what appears to be a misapprehension on the part of counsel.

The motion for rehearing and the briefs filed in support of it indicate a rather positive conviction in the minds of counsel that we have in this case, either unwittingly or intentionally, departed from the doctrine recently laid down in *Suttles* v. *Northwestern Mutual Life Insurance Co.*, 193 *Ga.* 495 (19 S. E. 2d, 396). Nothing of the kind is true, for the entire court, including the two Justices who are now speaking for the court, and who, because of disqualifications, were the only regular members of the court who presided in the *Northwestern Mutual* case, concluded deliberately that the two cases are essentially distinguishable, and that the facts of the instant record do not make the credits taxable under any principle recognized in the *Northwestern Mutual* case. It may be further said, however, that since the cases are substantially dissimilar, it is unnecessary that the other members of the court should determine at this time whether they will accept the reasoning of that decision in its entirety. In that case it was held that the evidence demanded a finding that the company, through a resident agent, had conducted a loan business in Georgia, and that such being the case the credits were taxable in Georgia, notwithstanding the rigid limitations on the agent's authority.

In the instant case there was a like assessment against credits arising from loans. A different conclusion was reached, however, on the theory that under the evidence in the present case no resident loan agency was shown. We carefully examined the case as

to this question upon original consideration, and the motion for a rehearing does not bring to light any fact that was overlooked. In the case now before us it was the local corporation itself that engaged in the loan business in Georgia, and not the non-resident company to which it transferred its paper after the loans were made. It is true that these companies had a written contract governing the manner in which their dealings would be carried on; but the contract did not show that the former was the agent of the latter, nor was there any such extrinsic evidence as would justify the conclusion that the written agreement was colorable, or that the relation of the parties was not what it purported to be, to wit: that of buyer and seller of commercial paper together with the security. Such a relation may exist without agency, on the same principle that one might contract to purchase the entire output of a mill or factory, and at the same time enter into a standing agreement touching delivery and payment, with the right of subsequent inspection, rejection, and refund, and other matters, without even approaching the relation of principal and agent.

It was said in effect in the *Northwestern Mutual* case that a State can not tax property wholly beyond its territorial jurisdiction, and that any effort to do so would be in violation of the due-process clauses of the State and Federal constitutions; also that where a credit exists in favor of a non-resident in virtue of a loan, the fact that the debtor resides in this State would not, without more, confer jurisdiction to tax the credit here. We could not adhere to these rulings and at the same time decide the present case in favor of the taxing authorities, on the facts appearing; and if the movants should be understood as insisting that jurisdiction to tax is not thus limited, as some of the argument in the briefs would seem to indicate, then we are now being asked, not really to follow the decision in the *Northwestern Mutual* case, but actually to *extend* the rulings there made; for, as stated above, no local agency for lending money was shown in the instant case, and under the evidence as a whole the question of taxability depends solely on the debtors' residence in this State. In a case of this kind we are confronted with a double limitation, since we must stay within both the State and Federal constitutions; and even if it be assumed that the tax claimed in this case might be sustained under the Federal constitution as construed by the United States Supreme Court in

the recent case of State Tax Commission of Utah *v.* Aldrich, 316 U. S. 174 (62 Sup. Ct. 1008, 86 L. ed. (Adv. 911), 139 A. L. R. 1436, note), decided since our decision in the *Northwestern Mutual* case, we still can not so construe our Georgia due-process clause, in view of previous unanimous decisions by this court, including the *Northwestern Mutual* case. These decisions necessarily imply that it is the intent and policy of our State constitution that Georgia's jurisdiction to tax is limited territorially to Georgia, and that it can not reach into the bounds of other States. According to these decisions, there must be a tax situs in Georgia, and the mere residence of the debtor does not establish such situs.

It was about two months after our decision in the *Northwestern Mutual* case that the United States Supreme Court handed down its decision in the Utah case, supra. Admittedly the decision contains much language that would seem to be a more liberal pronouncement in favor of the taxing power of a State than any previous decision by that court; but even so, it clearly does not require a different conclusion in the instant case. The Utah case involved a succession tax, and not an ad valorem tax on intangibles; and while it was suggested in a dissenting opinion that was filed, as well as in a later editorial note in A. L. R., that the decision may portend some future ruling applying its doctrine to an ad valorem tax respecting debts owing to non-resident creditors, there is as yet, so far as we are aware, no decision by that court sustaining the validity of an ad valorem tax on credits, where the residence of the debtors is the sole basis of jurisdiction. The decision in the Utah case apparently went off mainly on the question of double taxation, rather than tax situs, and the apprehension as to its future effect on questions of ad valorem taxation may or may not be justified; but even if, by some future application of the principles there enunciated, the power of taxation which the county is here claiming might be sustained consistently with the fourteenth amendment as then construed by the United States Supreme Court, it would not follow that this court would be obliged to place a similar construction on our Georgia due-process clause, and whether it would then be inclined to do so is a question about which we need not be concerned in the instant case.

It is true that the constitution of Georgia manifests an intention to tax all property which the State has jurisdiction to tax, but

the intention so manifested refers to jurisdiction under the same instrument, namely, the constitution of Georgia. It could not be properly said that the constitution of this State evinces an intention to make the Federal constitution, rather than its own provisions, the standard of State jurisdiction, in the matter of taxation. Nor would the fact that the United States Supreme Court may construe the fourteenth amendment as *not* imposing a particular limitation prevent this court from giving a different construction to our Georgia due-process clause and holding that under this clause the limitation *does* exist. *Kennemer* v. *State,* 154 *Ga.* 139 (2) (113 S. E. 551). As a matter of fact, in determining whether certain property is subject to taxation in this State, the constitution of the United States is immaterial except in so far as it may impose a limitation, since the power of State taxation is not derived from that instrument, but inheres in the State itself as a sovereign. The power is thus to be exercised by the taxing authorities in accordance with the laws of the State, with nothing *added* by the Federal constitution, but subject always to its *restrictions.* So the question at last is, not whether the tax here claimed may be imposed consistently with the Federal constitution, but whether, even if that be so, the exaction is still within the jurisdiction of the State, as determined by the Georgia due-process clause.

As indicated above, according to previous unanimous decisions by this court construing the Georgia constitution, or shaped at least in the light of it, the evidence shows without dispute that the credits here under consideration were not taxable as claimed. On the facts shown in the record, the decision in the instant case was properly predicated on *Suttles* v. *Associated Mortgage Companies,* 193 *Ga.* 78 (supra), and the cases there cited, and not on *Suttles* v. *Northwestern Mutual Life Insurance Co.,* supra, the latter case being clearly distinguishable.

*Rehearing denied. Reid, C. J., Jenkins and Byars, JJ., concur.*