COLGATE-PALMOLIVE-PEET CO. *v.* DAVIS,
tax-assessor, *et al.*

No. 14635.   OCTOBER 8, 1943.

*Robert H. Jones* and *Grover Middlebrooks,* for plaintiff.

*E. H. Sheats, W. S. Northcutt,* and *Standish Thompson,* for defendants.

WYATT, Justice. The question for determination is the taxability in Fulton County, Georgia, of credits ("accounts receivable") arising in favor of a non-resident corporation by reason of

sales of merchandise made to customers on open account upon the basis appearing in the statement of facts, as against the contention of the company to the effect that as to such property there was no business or tax situs in Fulton County. No question is raised as to the right of the proper taxing authorities to legally tax this class of property; likewise no question is raised as to the amount of the assessment. The only question to be determined is whether under the facts in this case this intangible property had such a tax situs in Fulton County, Georgia, that Fulton County could legally assess the same for taxation. The company contended that the tax situs was at the office of the company in Jeffersonville. The general rule in this State is that personalty, as respects its situs for purposes of taxation, follows the domicile of the owner. *County of Walton* v. *County of Morgan,* 120 *Ga.* 548 (48 S. E. 243); *High Shoals Mfg. Co.* v. *Penick,* 127 *Ga.* 504 (56 S. E. 648); *Lewis & Holmes Motor Freight Cor.* v. *Atlanta,* 195 *Ga.* 814 (25 S. E. 2d, 699). The rule before 1868 was that the situs of all property for taxation, whether real or personal, was determined by the residence of the owner. *County of Walton* v. *County of Morgan,* supra. This general rule, however, is subject to exceptions recognized by this court in numerous instances. The exception may arise from the manner in which the property is used, how acquired or held. *Armour Packing Co.* v. *Savannah,* 115 *Ga.* 140 (41 S. E. 237); *Armour Packing Co.* v. *Augusta,* 118 *Ga.* 552 (45 S. E. 424, 98 Am. St. R. 128); *Armour Packing Co.* v. *Clark,* 124 *Ga.* 369 (52 S. E. 145). We recognize that the facts in the three cases just cited were in many particulars different from the facts in the case now under consideration. The principles there enunciated, however, are applicable to this case. The rule is now settled in this State, to the effect that intangible property, such as is involved in this case, can be taxed when it is connected substantially with some business transacted in Georgia by the non-resident owner. *Suttles* v. *Northwestern Mutual Life Insurance Co.,* 193 *Ga.* 495 (19 S. E. 2d, 396, 143 A. L. R. 343).

Was the plaintiff engaged in business in Fulton County, and, if so, were the intangibles here sought to be taxed connected substantially with such business? In order to determine this question it is necessary to examine the acts performed, and things done in Fulton County with reference to whether or not they were the in-

cidentals or essentials of the business. The sales agency, under the supervision and direction of a "divisional sales manager" was maintained in Fulton County, where the salesmen were trained and supervised. All sales were solicited from this office. The salesmen sent their orders into the Fulton County office and they were then sent to Jeffersonville. The salesmen were required to furnish to the home office at Jeffersonville credit information as to new accounts, and were charged with the duty of attempting to collect delinquent accounts, and they did collect delinquent accounts. An emergency warehouse was maintained in Fulton County; also a company-owned premium store, a bank account for the purpose of depositing local checks, local expenses being paid by checks drawn in Jeffersonville on these local accounts; all bills of lading were sent to Atlanta; and finally all deliveries were made by Crackerland Express Inc., operating out of Atlanta, Fulton County. The deliveries were made by Crackerland Express by means of trucks, all of which operated out of Fulton County, and were dispatched to either Savannah, Augusta, Macon, or Columbus, to make deliveries from car-load shipments made by the plaintiff to those points. Crackerland Express collected c. o. d. shipments, deposited the money to its credit, and in turn mailed its check to the plaintiff at Jeffersonville. Warehouse facilities were provided by Crackerland for the storage of the plaintiff's products that were refused by customers. We hold that all of these activities amounted to doing business in Fulton County, and that they were the essentials of the business, and not the incidentals. If under the facts of the case a tax situs did exist in Georgia (and we hold that it did) as to the credits sought to be taxed, it would be immaterial whether they arose in interstate commerce, since the commerce clause does not exempt either tangible or intangible property from a non-discriminatory tax by a State. *Suttles* v. *Northwestern Mutual Life Insurance Co.,* supra; Virginia *v.* Imperial Coal Sales Co., 293 U. S. 15 (55 Sup. Ct. 12, 79 L. ed. 171). A non-resident should not be permitted to go into another State and engage in the activities detailed in this case, and then escape the burden of taxation which his property ought to bear by invoking the fiction that intangible property has its situs where the owner resides. The credits here sought to be taxed have their real existence as to all practical purposes in Fulton County, Georgia. The owner is dependent upon

the laws of this State for the protection of this property, and for the enforcement of its property rights therein. The owner should be required to pay taxes in order to help defray the expenses of the government protecting and enforcing his property rights. This court has repeatedly held that the mere fact of non-resident ownership and management will not avoid taxation in this State. *Armour Packing Co.* v. *Savannah; Armour Packing Co.* v. *Augusta; Armour Packing Co.* v. *Clark; Suttles* v. *Northwestern Mutual Life Insurance Co.,* supra.

We hold that the property here sought to be taxed did have a tax situs in Fulton County, Georgia; and that the enforcement of the assessments in question would not be contrary to the guaranty of due process as expressed in either the fourteenth amendment to the constitution of the United States or the similar provision in the constitution of this State. Code, § 2-103. The court properly refused to grant an injunction.

*Judgment affirmed. All the Justices concur.*