SUTTLES, Tax Collector, *v.* OWENS-ILLINOIS GLASS
COMPANY.

No. 17070.    MAY 8, 1950.

850

*Durwood T. Pye, E. A. Wright, James W. Dorsey,* and *W. S. Northcutt,* for plaintiff in error.

*MacDougald, Troutman, Sams & Schroder,* and *John L. Gushman,* contra.

*Alston, Foster, Sibley & Miller,* and *Francis Shackelford,* for persons at interest.

DUCKWORTH, Chief Justice. While tangible property is taxable in the State where it is located, and generally intangibles are taxable in the State where the owner resides, yet there is an exception to this general rule regarding intangibles. That exception is that a debt of a citizen of this State owned by a nonresident and held at his domicile outside of this State is taxable in this State if it accrues out of or is an incident to property owned or a business conducted by the non-resident or his agent in this State. *Armour Packing Co.* v. *Savannah,* 115 *Ga.* 140 (41 S. E. 237); *Armour Packing Co.* v. *Augusta,* 118 *Ga.* 552 (45 S. E. 424); *Armour Packing Co.* v. *Clark,* 124 *Ga.* 369 (52 S. E. 145); *Columbus Mutual Life Insurance Co.* v. *Gullatt,* 189 *Ga.* 747 (8 S. E. 2d, 38); *Suttles* v. *Associated Mortgage Cos.,* 193 *Ga.* 78 (17 S. E. 2d, 272); *National Mortgage Co.* v. *Suttles,* 194 *Ga.* 768 (22 S. E. 2d, 386); *Davis* v. *Metropolitan Life Insurance Co.,* 196 *Ga.* 304 (26 S. E. 2d, 618); *Davis* v. *Penn Mutual Life Insurance Co.,* 198 *Ga.* 550 (32 S. E. 2d, 180); *Northwestern Mutual Life Insurance Co.* v. *Suttles,* 201 *Ga.* 84 (38 S. E. 2d, 786); *Davis* v. *Penn Mutual Life Insurance Co.,* 201 *Ga.* 821 (41 S. E. 2d, 406). These decisions of this court should put at rest any question as to the tax situs of intangible property. The same rule applies in the Federal jurisdiction. *Wheeling Steel Corp.* v. *Fox,* 298 U. S. 193 (56

Sup. Ct. 773, 80 L. ed. 1143). It was also recognized and applied in the following cases by State courts: Tax Commission *v.* Kelly-Springfield Tire Co., 38 Ohio App. 109 (175 N.E. 700); W. W. Kimball Co. *v.* Board of Comm'rs, Shawnee County, 99 Kansas 302 (161 Pac. 644); Manufacturers' Trust Co. *v.* Hackett, 118 Conn. 101 (170 Atl. 792); State ex rel Automobile Ins. Co. *v.* Gehner, 320 Mo. 702 (8 S. W. 2d, 1057). It was held in Wheeling Steel Corp. *v.* Fox, supra, that to tax intangibles contrary to the tax-situs rule stated above would constitute a denial of due process and would offend the Fourteenth Amendment. In *Montag Bros.* v. *State Revenue Commission,* 50 *Ga. App.* 660 (179 S. E. 563), that court, applying the rule, held that the tax situs of intangibles owned by a Georgia corporation was in this State, where all decisions were made and sales consummated, notwithstanding the fact that the owner maintained agents and an office in the State of New York, where orders were taken subject to approval by the home office in Georgia. That decision is important here on the question as to what constitutes doing business from which the intangibles sought to be taxed arose. In reverse order it is a dead parallel to the facts in the instant case. Here the owner maintained its main office in another State, had agents and offices in this State, where orders were taken by those agents subject to approval at the main office, but no sales were concluded in this State. All goods were shipped under directions from the main office from points without this State and, by express terms of the sale, title passed to the purchasers when the goods were delivered to the common carrier and before reaching this State. If we are to follow the decision of the Court of Appeals, it would require a holding that the accounts receivable arising from such sales were not subject to taxation in Georgia, but were subject to taxation in the State where the main office of the company is located and where the sales were made.

The Tax Collector cites, in support of his position, *Suttles* v. *Northwestern Mut. Life Ins. Co.,* 193 *Ga.* 495 (19 S. E. 2d, 396, 143 A.L.R. 343), *Colgate-Palmolive-Peet Co.* v. *Davis,* 196 *Ga.* 681 (27 S. E. 2d, 326), and *Northwestern Mutual Life Ins. Co.* v. *Suttles,* supra. An examination of these decisions shows that in each case this court fully recognized this rule of law, but reached

the conclusion that the property there was subject to taxation in this State because the facts were construed to constitute doing business within the State out of which the intangibles involved arose. It was held in the *Northwestern Mutual* case, on both appearances, that the maintenance of offices and agents within this State that procured applicants for the loans and delivered the checks to the borrowers constituted consummation of the transaction and, hence, doing business within the State as required by ·the rule. In the *Colgate-Palmolive-Peet* case, the non-resident maintained agents and a warehouse within this State, and goods stored· in the warehouse were used for the purpose of filling orders from which the intangibles there involved arose. Thus it is seen that in each of the three cases this court found that deliveries were made within this State. The plain language of the contract of sale in the present case, which expressly states that title passes to the purchaser upon delivery to the carrier outside this State, is enough within itself to show the inapplicability of those decisions.

Counsel for the Tax Collector also cite, in support of their position, McGoldrick *v.* Berwind-White Co., 309 U. S. 33 (60 Sup. Ct. 388, 84 L. ed. 565). There it was held that accounts receivable arising from the sale of coal by a non-resident were subject to tax in the State of New York. It is stated in the opinion that the sales there were made in the State of New York, and, while that was not an intangible-tax case but one of a tax on sales, the facts as stated by the court would have been sufficient to have authorized the State of New York to subject the accounts receivable to the payment of intangible taxes under the rule which this court has uniformly applied. In Wheeling Steel Corp. *v.* Fox, supra, the right of the taxing authorities in West Virginia to subject intangible property belonging to a Delaware corporation to the payment of taxes was upheld. In that case an office was maintained in the State of Delaware, in accord with provisions to that effect in the bylaws, and duplicate copies of orders and sales were kept on file in the Delaware office. But an office was also maintained in West Virginia, and it was in that office that the business was directed, all decisions as to sales were made, and the directors and stockholders held their meetings. None of the sales from which the intangibles in-

volved arose were made without the approval of the West Virginia office.

Since the above decisions are sufficient to settle the question as to the taxability of the intangibles here involved, we deem it unnecessary to consider or discuss numerous decisions cited by counsel which involve sales taxes, unemployment-compensation taxes, venue of suits, and, perhaps, other subjects. We have examined all such cases and find nothing in any of them that conflicts with or militates against our holding that the property involved in this case was not subject to the tax claimed. The evidence demanded the verdict in favor of the petitioner, and, since all of the purported amended grounds are merely arguments and elaborations of the general grounds, the court did not err in overruling the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*