**SMITH**

v.

**FORD GUM & MACHINE CO.,**
Inc., et al.

No. 14692.

United States Court of Appeals
Fifth Circuit.

May 6, 1954.

A. C. Wheeler, Emory F. Robinson and Wheeler, Robinson & Thurmond, all of Gainesville, Ga., for appellant.

Clinton J. Morgan, Rome, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

Overruling the motion to dismiss this appeal,[1] we proceed to the merits of the jurisdictional question that was decided by the district court. This is an action for damages for breach of contract, which action was filed in the court below and wherein federal jurisdiction was predicated solely upon diversity of citizenship. The amount involved exceeds $3000, exclusive of interest and costs. The court below dismissed the action as to the corporate defendant because it was not, at the time of the purported service of process upon it, doing business in Georgia within the meaning of the applicable state law.

The court below dismissed the action as to the individual defendant, because he was not doing business in Georgia, had never been found in Georgia, and had never been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The court held that Sections 22–1507 and 22–1508 of the Georgia Code, by their express terms, applied to foreign corporations only and had no application to individual defendants. It found that neither the plaintiff nor the individual defendant resided within the northern district of Georgia, and that the individual defendant had never been legally served with process. Service upon the defendants was attempted to be made by leaving a copy of the complaint with the Georgia Secretary of State.

The question for decision, as presented by the appellant, is whether the trial court erred in overruling the plaintiff's motion to vacate the order of dismissal. The issue is a narrow one, and the appellant is concerned with whether, if the service upon the defendants was not properly made, the order below should not have been one quashing the service rather than dismissing the suit. The appellant is fearful lest, under procedural Rule 41(b), the order of dismissal will operate as an adjudication upon the merits. Such fears are groundless because, by the very terms of said rule, an exception is made in cases of dismissal for lack of jurisdiction or for improper venue, and the dismissal under review is plainly within the exception.

In our opinion, the court below did not abuse its discretion in overruling the plaintiff's motion to vacate the order of dismissal. The evidence relied on by the plaintiff, in its most favorable aspect, was only proof of the fact

1. Wilson v. Southern Ry. Co., 5 Cir., 147 F.2d 165, 166; Sun-Lite Awning Corp. v. E. J. Conklin, Aviation Corp., 4 Cir., 176 F.2d 344; Wetherbee v. Elgin, J. & E. Ry. Co., 7 Cir., 204 F.2d 755.

that the corporate defendant had obligated itself to do business in Georgia two years before the purported service. It does not show that it was doing business therein at the time of said service. On the contrary the indications are that it was not. The basic question in this case is whether the corporate defendant was doing business in Georgia so as to be subject to service on the Secretary of State. The affidavits filed by the corporate defendant are to the effect that it was not, and the newly discovered evidence failed to contradict such showing. Moreover, the record fails to show that the instant suit arose out of any business done in the state of the forum, which showing is mandatory by the very terms of Section 22–1507 of the Georgia Code. On the contrary, it appears that the contract was executed in South Carolina.

 Whether or not the corporate defendant was doing business in Georgia is governed primarily by the Georgia law. Doyle v. Southern Pacific Co., D. C., 87 F.Supp. 974. The following comparatively recent decisions of the Supreme Court of Georgia lend full support to the defendant's contention that it was not: Redwine v. United States Tobacco Co., 209 Ga. 725, 75 S.E.2d 556; Redwine v. Dan River Mills, Inc., 207 Ga. 381, 61 S.E.2d 771; Suttles v. Owens-Illinois Glass Co., 206 Ga. 849, 59 S.E.2d 392. As to the individual defendant who has not been found in Georgia, has not been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure, and is admittedly a citizen of New York, in which state he also resides, and as to whom Section 22–1508 of the Georgia Code has no application: the decision of the court below was clearly correct. Neither the plaintiff nor the individual defendant resides in the northern district of Georgia.

The federal district court had potential jurisdiction of the subject matter of this suit, since it was a controversy wholly between citizens of different states and more than the requisite jurisdictional amount was involved; but it did not have actual or constructive jurisdiction over the person of either of the defendants, corporate or individual. The appellant suggests that the individual defendant be directed to answer plaintiff's interrogatories, and that the question of jurisdiction as to him be held open until an opportunity of showing the factual situation has been afforded; but the facts in the record do not warrant such action by an appellate court.

At the request of the appellant, though we deem it unnecessary, the order of dismissal will be modified so as to provide that it shall not operate as an adjudication upon the merits. As modified, the judgment of dismissal will be affirmed. Cf. Steinway v. Majestic Amusement Co., 10 Cir., 179 F.2d 681, 18 A.L.R.2d 179, and authorities therein cited.

Affirmed.