20960.   OWENS-ILLINOIS GLASS CO. v. OXFORD,
Commissioner of Revenue.

ARGUED JULY 12, 1960—DECIDED SEPTEMBER 8, 1960—REHEARING DENIED SEPTEMBER 21, 1960 AND OTOBER 6, 1960.

*E. Smythe Gambrell, Gambrell, Harlan, Russell, Moye & Richardson, W. Glen Harlan, Terry P. McKenna,* for plaintiff in error.

*Eugene Cook, Attorney-General, Ben F. Johnson, Jr., Assistant Attorney-General, Robert W. Goodman, Deputy Assistant Attorney-General,* contra.

CANDLER, Justice (after stating the foregoing facts). This court has for the past several years frequently had occasion to review cases respecting the right of this State or its subdivisions to tax the income or the intangibles (notes and accounts) of foreign corporations. In this case it will be neither practical nor worthwhile for us to discuss many of those cases, as the right of the State or of its subdivisions to impose and collect such taxes depended on an application of the facts of each particular case to our taxing statutes as they then existed. This case, as our statement of it shows, goes to the State's right or power to tax the net income of a foreign corporation which it claims was, during the taxing period, doing business within this State as the term "doing business within this State" was defined and is deemed to mean by the 1950 amendment to Chapter 92-31 of the Code of 1933 and particularly to annotated § 92-3113 thereof (Ga. L. 1950, p. 299). Here, the plaintiff predicates its right to recover the amount of income taxes it paid ·to the State for the calendar years 1949, 1950, and 1951 wholly on the proposition that it was not legally liable for any part of the amount so collected for those years or any one of them; and, in thus asserting its claim to a refund of the amount so paid, it contends that the quoted portion of the 1950 amendment to our income-tax statute offends the due-process clause of Georgia's Constitution of 1945. To this contention we do not agree, and the Supreme Court of the United States in Williams v. Stockham Valves & Fittings, Inc., 358 U. S. 450 (79 S. Ct. 357, 3 L. Ed. 2d 421), where the facts were in all material re-

spects substantially like those of the instant case, has very recently held that our income-tax statute, as amended by the act of 1950, does not offend the due-process clause of the Federal Constitution or the commerce clause thereof. In Miller Bros. Co. v. Maryland, 347 U. S. 340 (74 S. Ct. 535, 98 L. Ed. 744), it was said: "Due process requires some definite link, some minimum connection, between a State and the person, property or transaction it seeks to tax." And in the Stockham case, supra (p. 464), the Supreme Court of the United States said: "Nor will the argument that the exactions [imposed by Georgia's income tax statute] contravene the Due Process clause bear scrutiny. The taxes imposed are levied only on that portion of the taxpayer's net income which arises from its activities within the taxing state. These activities form a sufficient nexus between such a tax and transactions within a state for which the tax is an exaction." And in the same case it was held that Stockham was sufficiently involved in Georgia activities or transactions to forge "some definite link, some minimum connection" sufficient to satisfy due-process requirements. Professor Paul Hartman, author of the book "State Taxation of Interstate Commerce," writing in 13 Vanderbilt Law Review, 21, 32, summarized the rule of Federal Due Process as follows: "The exploitation of the market for the capture of profits, along with the protection afforded by the state of the market during the process, were enough for the state to demand something in return, thus satisfying the requirements of due process." The right to impose an income tax is an inherent right of the people and there is nothing in the Constitution of this State which denies to the legislature the power to impose an income tax if it is levied without infringing some provision of that instrument. *Featherstone v. Norman,* 170 Ga. 370 (1) (153 S. E. 58, 70 A. L. R. 449). "Income taxes are a recognized method of distributing the burdens of government, favored because requiring contributions from those who realize current pecuniary benefits under the protection of the government, and because the tax may be readily proportioned to their ability to pay." Shaffer v. Carter, 252 U. S. 37, 51 (40 S. Ct. 221, 64 L. Ed. 445). This State's income-tax statute which was enacted in 1931 (Ga. L. 1931,

Ex. Sess., p. 24), and as several times subsequently amended, levies a tax on the net income "received by every corporation, foreign or domestic, owning property or doing business within this State" and such statute as amended in 1950 (Ga. L. 1950, p. 299) declares that every corporation, foreign or domestic, "shall be deemed to be doing business within this State if it engages, within this State in any activities or transactions for the purpose of financial profit or gain, whether or not such corporation qualifies to do business in this State, and whether or not it maintains an office or place of doing business within this State, and whether or not any such activity or transaction is connected with interstate or foreign commerce." By the 1950 amendment to our income-tax statute, the legislature clearly and plainly showed its intention to tax the activities or transactions which every corporation carries on within this State for the purpose of financial profit or gain. To apportion the net income earned in this State and elsewhere by a corporation, domestic or foreign, the statute as amended by the 1950 act applies a three-factor ratio based on inventory, wages, and gross receipts, the gross-receipts factor having been substituted by the 1950 amendment for the sales ratio which a 1937 amendment to the statute provided for (Ga. L. 1937, p. 109). See, in this connection *Oxford v. Nehi Corporation*, 215 Ga. 74 (109 S. E. 2d 329). In the instant case, the stipulated facts show without any conflict that the plaintiff—a foreign corporation—during the taxing years involved, engaged in and carried on substantial income-producing activities or transactions in this State. And as we view this case, the simple but controlling question is whether the State has given anything for which it can ask return. Our reply to this is that the State has exerted its power in relation to opportunities given, to protection afforded, and to benefits conferred, including those accorded while its sales representatives were regularly exploiting the markets of this State for the purpose of capturing corporate profits; and having accepted and utilized those valuable State services, the plaintiff cannot consistently contend or successfully assert under the facts of this case that its property (the taxes collected) has been taken from it in violation of the due-process clause of Georgia's Con-

stitution of 1945. Stated differently, a foreign corporation, under our income-tax statute, is not permitted to engage in income-producing activities or transactions within this State in competition with domestic corporations and at the same time escape payment of income tax to the very government which makes it possible for it to earn from such activities or transactions corporate profits, which in this case, as the record shows, were rather substantial in amount for each of the years involved. The rulings in *Redwine v. Dan River Mills, Inc.,* 207 Ga. 381 (61 S. E. 2d 771); *Redwine v. United States Tobacco Co.,* 209 Ga. 725 (75 S. E. 2d 556); and *Redwine v. Schenley Industries, Inc.,* 210 Ga. 769 (83 S. E. 2d 16), are not here controlling, since each involved an assessment by this State for income taxes for calendar years prior to the effective date of the 1950 amendment to Chapter 32-31 of the Code of 1933, and particularly *Code Ann.* § 92-3113, which specifically and expressly supplied a legislative definition and meaning of the term "doing business in this State," and eliminated the word "sales" as used in the section in connection with the term "doing business in this State" or "business done in this State"; and for the same reason the ruling in *Suttles v. Owens-Illinois Glass Co.,* 206 Ga. 849 (59 S. E. 2d 392), where the plaintiff (Owens-Illinois Glass Company, a nonresident corporation) sought to enjoin the defendant (Suttles, as tax collector of Fulton County), from collecting 1941 State and county taxes assessed against its accounts receivable, is likewise not controlling. The material distinction between those four cases and the present one lies in the fact that there this court judicially determined, without being restricted by legislative definition, what facts constituted doing business in this State sufficient to place a tax situs here, while in this case the legislature by the 1950 amendment to Chapter 92-31 of the Code, and particularly *Code Ann.* § 92-3113, has fixed a legislative definition of what constitutes a basis for assessing income taxes against corporations, foreign or domestic, which engage in any activities or transactions in this State for the purpose of financial profit or gain. Hence, we now hold that such 1950 amendment had the legal effect of shifting the operation of such section from the "closed transaction" test, which the courts of this State

had previously applied to it, to the activities or transactions test, which the amendment established as the criterion to be used thereafter in determining an income-tax liability to this State of a corporation, foreign or domestic, which engages in any activities or transactions in this State for the purpose of financial profit or gain. Hence, the trial judge correctly found and held that the plaintiff was not entitled to recover the amount of income taxes it paid to the State for the calendar years involved.

*Judgment affirmed. All the Justices concur.*