42806.   HAWES, Commissioner, et al. v.
WILLIAM L. BONNELL COMPANY, INC.

ARGUED MAY 4, 1967—DECIDED JUNE 20, 1967—
REHEARING DENIED JULY 13, 1967—

*Arthur K. Bolton, Attorney General, William L. Harper, John A. Blackmon, Assistant Attorneys General,* for appellant.

*Jones, Bird & Howell, Frazer Durrett, Jr., Earle B. May, Jr.,* for appellee.

QUILLIAN, Judge. The question for decision in this case is whether the taxpayer is "doing business" outside Georgia within

the meaning of *Code Ann.* § 92-3113 (Ga. L. 1950, pp. 299, 300; Ga. L. 1962, pp. 455, 456) so as to permit the taxpayer to apportion its income under that Code section. There is no issue as to the portion of income which might be allocated under the "three factor ratio," but solely whether the taxpayer is entitled to apportion at all.

The applicable provisions of the present Act are here set out. "The tax imposed by this law shall apply to the entire net income, as herein defined, received by every corporation, foreign or domestic, owning property or doing business in this State. Every such corporation shall be deemed to be doing business within this State if it engages within this State in any activities or transactions for the purpose of financial profit or gain, whether or not such corporation qualifies to do business in this State, and whether or not it maintains an office or place of doing business within this State, and whether or not any such activity or transaction is connected with interstate or foreign commerce.

"If the entire business income of the corporation is derived from property owned or business done in this State, the tax shall be imposed on the entire business income, but if the business income of the corporation is derived in part from property owned or business done in the State and in part from property owned or business done without the State, the tax shall be imposed only on that portion of the business income which is reasonably attributable to the property owned and business done within the State." *Code Ann.* § 92-3113. The Department of Revenue concedes that activities which, under the Georgia Income Tax Law, amount to "doing business" by a foreign corporation so that taxes might be levied on its income also amount to "doing business" outside this state by a domestic corporation so as to authorize such corporation to apportion its income.

The taxpayer's out-of-state activities consisted of: customers located beyond the state; delivery of merchandise beyond the state; manufacturer's representatives located outside the state; salaried salesmen and a credit man located outside the state; automobiles located in other states; sales arrangements with

certain companies located in other states; selling contracts with a New York and a Florida corporation.

Since the inception of the income tax law relative to corporations (Ga. L. 1931, Ex. Sess., pp. 24, 34) the Georgia courts have interpreted the words "doing business" when applied to a foreign corporation to encompass a substantial activity on its own behalf in this State. *Suttles v. Owens-Illinois Glass Co.*, 206 Ga. 849 (59 SE2d 392). Likewise, the same test is applied as to a domestic corporation seeking to apportion its income for "doing business" outside the state. *Montag Bros., Inc. v. State Revenue Comm.*, 50 Ga. App. 660 (179 SE 563). "It seems to be rather well established by all the authorities that 'doing business' in order to incur tax liability under statutes imposing taxes on persons 'doing business' in a State means that a foreign corporation must transact some substantial part of its ordinary business, and that it must be continuous in character as distinguished from a mere casual or occasional transaction." *Redwine v. United States Tobacco Co.*, 209 Ga. 725, 728 (75 SE2d 556). Hence, the following activities have been found insufficient to constitute "doing business" under the statute: (1) customers and delivery of merchandise; (2) salaried salesmen; (3) sales arrangements and selling contracts with various companies. See *Montag Bros., Inc. v. State Revenue Comm.*, 50 Ga. App. 660, supra; *Oxford v. Tom Huston Peanut Co.*, 102 Ga. App. 714, 726 (118 SE2d 204); *City of Atlanta v. York Mfg. Co.*, 155 Ga. 33 (116 SE 195); *Redwine v. Dan River Mills, Inc.*, 207 Ga. 381 (61 SE2d 771); *Redwine v. Schenley Industries, Inc.*, 210 Ga. 769 (83 SE2d 16); *State of Ga. v. Coca-Cola Bottling Co.*, 214 Ga. 316 (104 SE2d 574).

In 1950 the second sentence of *Code Ann.* § 92-3113, providing that every corporation is deemed to be doing business within this state if it engages in any activities or transactions for financial profit or gain, whether or not, (1) the corporation qualifies to do business in the state, (2) maintains an office or place of business within the state, or (3) any such activity or transaction is connected with interstate or foreign commerce, was added. In passing upon the 1950 Act the Supreme Court held it to be unconstitutional as applied to a corporation which

was not "doing business" under the rulings in *Suttles v. Owens-Illinois Glass Co.*, 206 Ga. 849, supra, and *Redwine v. Dan River Mills, Inc.*, 207 Ga. 381, supra. *Stockham Valves & Fittings v. Williams*, 213 Ga. 713 (101 SE2d 197). Following this decision, *State of Ga. v. Coca-Cola Bottling Co.*, 214 Ga. 316, 321, supra, in discussing the effect of the 1950 Act, pointed out: "Therefore, the 1950 Act contained the clause hereinbefore discussed, which it was thought would authorize the tax even though there was no office or place of business maintained in the State. Our decision in *Stockham Valves & Fittings v. Williams*, 213 Ga. 713, supra, effectively barred any taxation with no more basis than that."

However, subsequent to these decisions the U. S. Supreme Court reversed *Stockham Valves & Fittings v. Williams*, 213 Ga. 713, supra, and held the 1950 provision constitutional. Northwestern &c. Cement Co. v. Minn., 358 U. S. 450 (79 SC 357, 3 LE2d 421, 67 ALR2d 1292). Thereafter in *Owens-Illinois Glass Co. v. Oxford*, 216 Ga. 316, 324 (116 SE2d 293) the Georgia Supreme Court, following the Northwestern Cement Co. case, supra, expressly distinguished *Suttles v. Owens-Illinois Glass Co.*, 206 Ga. 849, supra; *Redwine v. Dan River Mills, Inc.*, 207 Ga. 381, supra; *Redwine v. United States Tobacco Co.*, 209 Ga. 725, supra; *Redwine v. Schenley Industries, Inc.*, 210 Ga. 769, supra; and held: "The material distinction between those four cases and the present one lies in the fact that there this court judicially determined, without being restricted by legislative definition, what facts constituted doing business in this State sufficient to place a tax situs here, while in this case the legislature by the 1950 amendment to Chapter 92-31 of the Code, and particularly *Code Ann.* § 92-3113, has fixed a legislative definition of what constitutes a basis for assessing income taxes against corporations, foreign or domestic, which engage in any activities or transactions in this State for the purpose of financial profit or gain. Hence, we now hold that such 1950 amendment had the legal effect of shifting the operation of such section from the 'closed transaction' test, which the courts of this State had previously applied to it, to the activities or transactions test, which the amendment established as the criterion to be used

thereafter in determining an income-tax liability to this State of a corporation, foreign or domestic, which engages in any activities or transactions in this State for the purpose of financial profit or gain."

We recognize that a short time afterwards this court in *Oxford v. Tom Huston Peanut Co.*, 102 Ga. App. 714, supra, (certiorari denied) followed the decisions distinguished in *Owens-Illinois Glass Co. v. Oxford*, 216 Ga. 316, supra, and held that a domestic corporation must be engaged in substantial activity outside of this state to entitle it to apportion its income under *Code Ann.* § 92-3113. However, any conflict, real or imagined, between these cases is academic since we are bound by *Owens-Illinois Glass Co. v. Oxford*, 216 Ga. 316, supra.

Nevertheless, a further factor complicates the problem. In 1959 Congress passed an Act (Public Law 86-272; 15 USC §§ 381-384) which appears to negate or at least partially affect the Northwestern &c. Cement Co. case, 358 U. S. 450, supra. The law provides that no state shall have the power to impose a net income tax on income derived within such state by any person from interstate commerce if the only business activities within the state of that person are either: (1) the solicitation of orders which are sent outside the state for approval and, if approved, are filled by delivery from a point outside the state or (2) the solicitation of orders by such person for the benefit of a prospective customer of such person, if the orders to enable the customer to fill orders resulting from such solicitation are orders as described in (1). The appellant contends that this Act must now be read into the Georgia law, compelling the conclusion that activities such as are here set out are not taxable insofar as a foreign corporation with such activities in Georgia are concerned, a fortiori, preventing an exclusion of a Georgia corporation's income where its similar activities are conducted out of state.

Regardless of the soundness of the first proposition the second does not of necessity follow and is demonstrably fallacious. In construing statutes we consider the intent of the Georgia legislature at the time of its enactment. *Haley v. Bailey*, 199 Ga. 486, 490 (34 SE2d 685). Disregarding what effect the federal

statute now has on *Code Ann.* § 92-3113, the fact remains that the only expression of legislative intent with which we are concerned is contained in the original Act. *Mayor &c. of Butler v. Hortman,* 70 Ga. App. 848 (29 SE2d 811); *Ezekiel v. Dixon,* 3 Ga. 146. Clearly the quoted provision was designed to provide a broad basis for taxation of foreign corporations and to offer Georgia corporations "doing business" without the state commensurate tax benefits. However, the statute did not provide that whatsoever would be deemed to constitute doing business within the state shall similarly constitute doing business without the state but merely provided a definition of doing business.

In *Oxford v. Tom Huston Peanut Co.,* 102 Ga. App. 714, 727, supra, the court pointed out that: "If the plaintiff is not doing business in other States so as to be subject to their jurisdiction for taxing purposes, it is not entitled to apportion its income in Georgia." This language merely serves to strengthen the proposition that the definition in *Code Ann.* § 92-3113 applies both to foreign corporations, regarding whether they are doing business in Georgia, and Georgia corporations, regarding whether they are doing business outside this state. It does not determine the crucial question of whether the federal statute's prohibition against taxing certain activities within a state can be read into the Georgia law relating to allowance of an exclusion of income derived from certain activities without the state.

The federal Act at best only impliedly modified the 1950 Act insofar as a foreign corporation's activities within the state are concerned. The fact that attempting to tax a foreign corporation under that provision might now run afoul of the federal statute would not affect the provision as to Georgia corporations with described activities in other states. The federal law does not endeavor to preempt that area. It did not in any manner relate to the Act's provisions insofar as a domestic corporation was concerned.

The Revenue Department argues that they apply complete reciprocity and that it is a bad policy to allow a corporation an exemption for certain activities which are no longer taxable in a foreign state. If this be true it is a matter for the remedial power of the legislature, not the courts. What the legislature

might have intended had it known of the federal statute is a matter of pure speculation and is better left to the realm of conjecture.

Thus, despite the apparent anomaly of treatment under the statute, we now consider whether the facts of this case place the taxpayer in the posture of one doing business without the state under *Code Ann.* § 92-3113. Testing the facts of this case by the broad standards prescribed in the Code section the taxpayer was engaged in activities and transactions outside this state for the purpose of financial profit or gain. Thus we hold that the taxpayer is doing business outside Georgia and is entitled to apportion its income.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*