### 48426. BLACKMON v. HABERSHAM MILLS, INC.

QUILLIAN, Judge.

The Revenue Commissioner appeals from a judgment rendered by the trial court which allowed the plaintiff, a domestic corporation, to apportion its income under the provisions of Code Ann. § 92-3113 (Ga. L. 1950, pp. 299, 300, as amended; 1962, pp. 455, 456; 1969, pp. 114, 120). The parties in the court below agreed to a stipulation of facts, the pertinent portions of which are here set out.

The plaintiff originally filed suit for refund based on the years 1964, 1965, and 1966, claiming that it was entitled to apportion a certain part of its income to out of state business.

During the years in question, the plaintiff was engaged in the manufacture and sale of cartoned cotton yarn. Plaintiff made out of state sales resulting in the shipment of a substantial part of its goods to customers to destinations outside the State of Georgia. Many of these out of state sales were secured through representatives, all but one of whom were permanently based outside Georgia who were paid a percentage commission for securing sales. Plaintiff made payment of commission only upon receipt of payment from the customer and did not pay any of the expenses of its representatives.

Plaintiff's representatives are known as "selling agents." They are independent contractors and represent other mills in addition to the plaintiff. There is no written contract of employment between the plaintiff and the selling agents. A selling agent promotes sales of the plaintiff by calling on customers personally and on the telephone, entertaining them, keeping current as to the state of the yarn market and customer needs, and maintaining a close and personal contact with the plaintiff's customers. The selling agent may sell non-competing products of other companies to the customers. The selling agent solicits orders from the customers, writes contracts between the customer and the plaintiff, and transmits same to the plaintiff. Contracts must be approved and accepted by the plaintiff. The selling agent has the responsibility to resolve problems arising from delivery time to insure that shipments are made as promised and with regard to description of goods sold, places of delivery, etc. Shipments are made from the plaintiff's plant directly to the customers. In case of damage to the goods, the selling agent has no financial responsibility except possible loss of his commission where loss or damage is not attributable to his negligence.

The selling agent represents the plaintiff in dealing with customers regarding complaints. He also maintains

samples of the plaintiff's products in his office; thus he is able to demonstrate the nature and quality of the plaintiff's products. If collection problems arise on the account, the selling agent attempts to make collection since he is not entitled to receive compensation until plaintiff has been paid. All payments for goods are made by the customers directly to the plaintiff and all bills are rendered by the plaintiff directly to the customers. It is also stipulated that representatives of the plaintiff visit at least annually the out of state selling agents for the purpose of promoting the plaintiff's products, calling on customers with the selling agents, and encouraging the sale of plaintiff's products. *Held:*

The law questions in this appeal have in the main been effectively disposed of by our decision in *Hawes v. William L. Bonnell Co.,* 116 Ga. App. 184 (156 SE2d 536). The principal question here presented is whether the activities of the plaintiff constituted the transacting of business without this state.

In *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140, 143 (196 SE2d 145), the Supreme Court considered the phrase "transacting any business" pursuant to the Georgia Long Arm Statute. Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970, pp. 443, 444). In their decision it was pointed out that Malouf's only contacts with Georgia were the shipment of its merchandise for delivery to Penney in Georgia and the existence of a warranty and indemnity contract between Penney and Malouf. The court was considering whether these minimal contacts were sufficient to comply with the requirements of due process as well as whether they constituted transacting any business in Georgia. Code Ann. § 24-113.1 (Ga. L. 1966, p. 343). The court held these facts were sufficient.

Code Ann. § 92-3113 defines "doing business" as engaging "in any activities or transactions for the purpose of financial profit or gain." Of course, this is a revenue statute rather than the Long Arm Statute but it is clear that contacts much less than those found in the instant case are encompassed within the usage of the broad language here employed. Thus, there is certainly no inhibition against finding that Habersham Mills by the course of conduct which it pursued was transacting

business without the state. As the trial judge correctly held (and we held in *Hawes v. William L. Bonnell Co.,* 116 Ga. App. 184, supra), regardless of whether there is a constitutional limitation on the state's taxing power on a foreign corporation, it would not prohibit the state from granting a tax benefit or exemption to a Georgia corporation "doing business" outside the state.

Here, as pointed out in the decision by the lower court, the state's own regulation as to what constitutes "doing business" within the state reads: "A corporation will be considered to be engaged in an activity in this state whose agent, salesman or other representative in whatever capacity, engages in solicitation, demonstration, taking of orders, or any promotional activity which results in the shipment of goods and/or receipts from customers in this state." Reg. 560-7-7-.03.

The trial judge did not err in rendering judgment in favor of the plaintiff.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED JANUARY 29, 1974 — REHEARING DENIED FEBRUARY 22, 1974 — ■

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Lauren O. Buckland, Assistant Attorneys General,* for appellant.

*King & Spalding, Harry C. Howard, Jack H. Watson, Jr.,* for appellee.

ON MOTION FOR REHEARING.

Movants reargue the position previously taken as to equality of treatment insofar as "doing business" within the state and outside the state is concerned.

This issue was dealt with at great length in *Hawes v. William L. Bonnell Co.,* 116 Ga. App. 184, 185 (156 SE2d 536). Hence, we merely point out that where taxing a foreign corporation is involved broad and all encompassing language may be restricted by federal statute or constitutional interpretations, but there are no constitutional prohibitions which prevent a state from

granting tax benefits to its own corporations which engage in activities or transactions outside the state. If it were desirable that the state limit the scope of such benefits the legislature has had numerous opportunities since 1967 (when the *Bonnell* decision was rendered) to amend the statutory provision and has failed to do so.