## 28885. BLACKMON v. HABERSHAM MILLS, INC.

GUNTER, Justice.

We granted an application for a writ of certiorari to the Court of Appeals in this case in an attempt to resolve

the apparent conflict between the decisions rendered in *Oxford v. Tom Huston Peanut Co.,* 102 Ga. App. 714 (118 SE2d 204) (1960), and *Hawes v. William L. Bonnell Co.,* 116 Ga. App. 184 (156 SE2d 536) (1967). The decision of the Court of Appeals in the instant case is reported in 131 Ga. App. 59 (205 SE2d 21) (1974).

The facts generating this tax case are adequately stated by the Court of Appeals. The sole issue for decision is whether a corporate taxpayer can or cannot apportion its income in determining its annual income tax liability to the State of Georgia. The taxpayer contends that it could apportion its income for the taxable years in question in determining its income tax liability to the State of Georgia. The Revenue Commissioner contends that the taxpayer could not apportion its income in determining its tax liability to the state, and that it is liable for Georgia income taxes for the years in question on its entire taxable income. The trial court decided in favor of the taxpayer, and the Court of Appeals affirmed the trial court's judgment.

We affirm the judgment of the Court of Appeals.

Code Ann. § 92-3102 (a) provides that every domestic corporation and every foreign corporation shall pay an annual income tax to Georgia on its taxable income derived "from property owned or from business done in Georgia." This statute further provides that a taxpayer's taxable income "from property owned or from business done in Georgia" shall consist of its taxable income as defined in the Internal Revenue Code of 1954 with certain adjustments and "allocated and apportioned as provided in section 92-3113."

The first paragraph of Code Ann. § 92-3113 reads: "The tax imposed by this law shall apply to the entire net income, as herein defined, received by every corporation, foreign or domestic, owning property or doing business within the state. Every corporation shall be deemed to be doing business within this state if it engages within this state in any activities or transactions for the purpose of financial profit or gain, whether or not such corporation qualifies to do business in this state, and whether or not it maintains an office or place of doing business within this state, and whether or not any such

activity or transaction is connected with interstate or foreign commerce."

We think that this first paragraph of Code Ann. § 92-3113 merely restates, in a little more detail, what is said in Code Ann. § 92-3102 (a) with respect to which corporations are subject to Georgia's income tax. In short, the first paragraph of § 92-3113 defines who is liable for the tax. The references in this first paragraph to "doing business" do not relate in any manner to "the amount" of the tax liability.

The second paragraph of § 92-3113 has reference to "the amount" of tax liability of a corporation that comes within the category spelled out in the first paragraph. The second paragraph of § 92-3113 reads: "If the entire business income of the corporation is derived from property owned or business done in this state, the tax shall be imposed on the entire business income, but if the business income of the corporation is derived in part from property owned or business done in the state and in part from property owned or business done without the state, the tax shall be imposed only on that portion of the business income which is reasonably attributable to the property owned and business done within the state, to be determined as follows."

We therefore conclude that all corporations subject to income tax liability in Georgia are authorized to apportion unless "the entire business income of the corporation is derived from property owned or business done in this state."

We therefore disagree with and disapprove of the decision rendered by the Court of Appeals in *Oxford v. Tom Huston Peanut Co.,* supra, and especially the following language contained in that opinion: "If the plaintiff is not doing business in other states so as to be subject to their jurisdiction for taxing purposes, it is not entitled to apportion its income in Georgia." P. 727. Whether a corporation is subject to the taxing jurisdiction of other states, as we read our statute on this subject, is immaterial. A domestic or foreign corporation having an apportioned tax liability in Georgia of only ten percent and the remainder of its apportioned tax liability being in other states, whether those other states did or

did not levy a state income tax would be immaterial.

We agree that the results reached by the Court of Appeals in *Bonnell* and in the instant case was the correct result. We hold that the "common sense meaning" of our statutes on this subject is that a corporation carrying on an active interstate business in Georgia and one or more other states is entitled to apportion its total taxable income between or among those states, and its liability to Georgia is on the amount apportioned to Georgia.

*Judgment affirmed. All the Justices concur. Hill, J., disqualified.*

ARGUED SEPTEMBER 9, 1974 — DECIDED JANUARY 28, 1975.

*Arthur K. Bolton, Attorney General, Lauren O. Buckland, Assistant Attorney General,* for appellant.

*McClure, Ramsay, & Struble, George B. Ramsay, King & Spalding, Jack H. Watson, Jr., Harry C. Howard,* for appellee.