## 35257. CHATTANOOGA GLASS COMPANY v. STRICKLAND.

JORDAN, Justice.

The Chattanooga Glass Company, appellant, filed a complaint seeking refund of income taxes and license and occupation taxes which it had paid for the years 1961-1972 and 1962-1974 respectively. The trial court granted the appellee's motion for summary judgment as to the entirety of the appellant's complaint and for the reasons detailed below, we affirm.

The appellate record reflects the following undisputed facts: The appellant is incorporated in the State of Delaware and manufactures bottles in plants scattered throughout several states not including Georgia. From 1961 until 1974, the appellant employed a sales representative to solicit orders from its present and potential customers within this state. During this same timespan, the appellant also purchased broken glass from Georgia bottlers which was used by the appellant as a raw material for the manufacture of new glass. These purchases totaled as much as 261 tons in a single year, and, to facilitate the same, the appellant developed the practice of leaving with the Georgia bottlers containers which the appellant continued to own and which the bottlers used to store the broken glass until it was picked up by the appellant's trucks.

In addition to the above, between 1966 and 1974, the appellant's manager of customer services made at least

two visits to Georgia per year, not to solicit orders, but to maintain good working relations with the appellant's Georgia customers, a pursuit which included the solving of specific problems which such customers were having with bottles previously purchased from the appellant. Similarly, for the years 1969 to 1974, employees of the appellant's customer service department visited the State of Georgia at least one time per year, again, not to solicit orders, but to remedy complaints from customers regarding bottles previously purchased.

1. Public Law 86-272 (15 USC § 381) provides that "No state . . . shall have power to impose . . . a net income tax on the income derived within such state by any person from interstate commerce if the only business activities within such state by or on behalf of such person during such taxable year [is] . . . the solicitation of orders . . ."

The appellant argues that its activities in the State of Georgia during the period 1961-1972 constituted "solicitation" within the meaning of the above quoted congressional legislation, and that the income derived from such activities is therefore immune from taxation by this state.

A review of the relevant decisions of other courts, both state and federal, reveals that said courts have adopted one of three successively more inclusive definitions of "solicitation": (1) the specific act of asking a customer to purchase one's product, see Hervey v. Beaird, 464 SW2d 557, 562 (1971); (2) any act which leads to the purchase of one's product as opposed to acts which follow from the purchase, compare Indiana Department of Revenue v. Kimberly-Clark Corp., 375 NE2d 1146, 1150 (1978) with Miles Laboratories, Inc. v. Department of Revenue, 546 P2d 1081, 1083 (1976); and (3) any act which leads to or follows from the purchase so long as said act is incidental to the purchase, U. S. Tobacco Co. v. Commonwealth, 386 A2d 471, 478 (1978).

We do not now decide which of the three definitions is correct since even the third and most inclusive definition sustains our present holding that certain of the appellant's activities, as noted below, did in fact exceed "solicitation" and that the trial court's grant of summary judgment was therefore proper.

In U. S. Tobacco Co., supra, the Supreme Court of Pennsylvania, an advocate of the third and most inclusive definition of "solicitation," acknowledged that the following two activities exceeded "solicitation" even as defined by that court: the employment within the taxing state of technicians to remedy problems which the taxpayer's customers were experiencing with previously purchased products, and the maintenance within the taxing state of personal property.

We concur with these conclusions and hold that the in-state activities of the present appellant exceeded "solicitation" both when the appellant remedied customer complaints regarding previously purchased products and when it maintained containers for the storage of its purchased raw materials.

Further, we hold that the appellant's in-state purchase of raw materials for the manufacture of new glass constituted an activity equally as non-incidental to the sale of its product as either of the above activities and that therefore said activity also exceeded even the third and most inclusive definition of "solicitation." See Gillette Co. v. State Tax Commission, 393 NYS2d 186, 188 (1977).

The appellant's first enumeration of error is without merit.

2. The appellant complains that it was not subject to the Georgia License and Occupation Tax for the years 1962-1974 since it was not "doing business . . . in this state" during the noted period of time within either the intent of Code Ann. § 92-2401 (a) or the dictates of the due process clause of either the U. S. or Georgia Constitution. (Code Ann. §§ 1-815; 2-101). The appellant also argues that any business it was doing within this state was interstate in nature and that the taxation of interstate commerce is prohibited by the commerce clause of the United States Constitution (Code Ann. § 1-125 (3)).

" '[I]t was not the purpose of the commerce clause to relieve those engaged in interstate commerce from their just share of the state tax burden, even though it increases the cost of doing business. . . Even interstate commerce must pay its way.' " General Motors v. Washington, 377 U. S. 436, 439 (1963). Accordingly, we hold that taxation

of interstate commerce does not per se violate commerce clause principles.

Regarding the intent of Code Ann. § 92-2401 (a) we hold that the phrase "doing business" means any activity or transaction for the purpose of financial profit or gain. See Code Ann. § 92-3113.

Finally, we hold that the above construction of the phrase "doing business" does not violate the due process clause of either the U. S. or Georgia Constitution. When a taxpayer's employee operates within this state and makes possible the realization and continuation of valuable contractual relationships between the taxpayer and its in-state customers this state has indeed given something for which the Georgia and federal due process clauses permit the state to ask in return. Standard Pressed Steel Co. v. Department of Revenue, 419 U. S. 560, 562 (1975); *Owens-Illinois Glass Co. v. Oxford,* 216 Ga. 316, 323 (116 SE2d 293) (1960).

The appellant's second enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1979 — DECIDED OCTOBER 30, 1979.

*Hansell, Post, Brandon & Dorsey, Earl T. Berry,* for appellant.

*Arthur K. Bolton, Attorney General, Michael P. Sarrey, Assistant Attorney General,* for appellee.