A99A2277. DEPARTMENT OF REVENUE et al. v. SLEDGE et al.
(528 SE2d 260)

ELLINGTON, Judge.

The Georgia Department of Revenue denied the application for a refund of income taxes assessed against Tennessee residents William and Mary Sledge in connection with certain limited partnerships. The Sledges brought an action in the superior court for a refund pursuant to OCGA § 48-2-35. On stipulated facts, the trial court reversed the Department's decision to deny the refund. We granted the Department's application for appeal under OCGA § 5-6-35 (a) (1).[1] We find that the trial court misconstrued applicable provisions of Georgia's Public Revenue Code and, accordingly, reverse.

Because the superior court's decision was based upon the application of the law to stipulated facts, we apply a de novo standard of review. *Dept. of Human Resources v. Woodruff*, 234 Ga. App. 513 (507 SE2d 249) (1998).

The stipulated facts show that the Sledges are residents of Tennessee who invested in two limited partnerships organized under the laws of Georgia. The principal place of business of the partnerships was in Georgia. The general partners, who carried out all partnership-related activities in Georgia, were Georgia residents and maintained an office in Georgia. The business of the partnerships was investment in securities held in a New York brokerage account. The Sledges, as passive limited partners, did not participate in the management of the partnerships in any way. The partnerships withheld Georgia income taxes on the Sledges' share of the profits for the years 1992, 1993, and 1994.

1. For the tax years 1992, 1993, and 1994,[2] the applicable Code section provided as follows: "When one or more of the individual members of a partnership doing business in this state are nonresidents of this state, the nonresidents shall be taxable on their share of the net profits of the partnership." OCGA § 48-7-24 (a). When construing a statute a court must first look to the literal meaning of the act, and if the language is plain and does not lead to absurd or impractical consequences, the court has no authority to place a dif-

---

[1] The Department filed its application in the Supreme Court of Georgia. The Supreme Court found that the trial court had not reached the Sledges' argument that OCGA § 48-7-24 (a) was unconstitutional and transferred the application to this Court for disposition.

[2] In 1997, the General Assembly amended OCGA § 48-7-24 by adding the following language to subsection (c):

Notwithstanding any other provision of this chapter to the contrary, the distributive share of a nonresident member of a resident limited partnership or any other similar nontaxable entity which derives income exclusively from buying, selling, dealing in, and holding securities on its own behalf and not as a broker shall not constitute taxable income under this chapter.

Ga. L. 1997, p. 450, §§ 2, 4 (amending OCGA § 48-7-24 effective January 1, 1997).

ferent construction upon it but must construe it according to its terms. *Diefenderfer v. Pierce*, 260 Ga. 426 (396 SE2d 227) (1990). The Department contends that the statute is unambiguous and plainly applies to the Sledges and the partnerships in which they invested. We agree. The Sledges contend that OCGA § 48-7-24 taxes the profits of a partnership only if the individual member does business in Georgia and that, because they personally did not do business in Georgia, they owed no income tax on their share of the partnership profits. But we find the literal meaning of the statute is that where a partnership does business in Georgia, its individual members are taxable on their share of the net profits of the partnership — regardless of whether the individual members qualify as doing business in Georgia. Because the statute is plain, we construe it literally and will not read it to excuse the Sledges from paying taxes on their share of the profits of the limited partnerships even though they did not individually do business in Georgia. *World Trade Business v. Amit, Inc.*, 239 Ga. App. 383, 385-387 (1) (521 SE2d 40) (1999).

2. The Sledges also contend that OCGA § 48-7-24 (a) does not apply to the limited partnerships in which they were members because the investment activities of those partnerships did not constitute "doing business" in Georgia. In the absence of any controlling authority for this position, we must be guided by the general principle of Georgia law that "the phrase 'doing business' means any activity or transaction for the purpose of financial profit or gain." *Chattanooga Glass Co. v. Strickland*, 244 Ga. 603, 606 (2) (261 SE2d 599) (1979). See OCGA § 48-7-31 (a). Because the stipulated facts show that the limited partnerships at issue engaged in an activity for the purpose of financial profit or gain, Georgia law deems them to be doing business in Georgia. Id.

*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 14, 2000 — ■

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Stefan E. Ritter, Anthony J. Musto, Assistant Attorneys General*, for appellants.

*Alston & Bird, Timothy J. Peaden, Mary T. Benton*, for appellees.