A01A0305. CITY OF ATLANTA v. SHAFER et al.
(546 SE2d 565)

BLACKBURN, Chief Judge.

In this declaratory judgment action, the City of Atlanta appeals the trial court's ruling that the annual salaries of City of Atlanta

---

[7] *Munsford v. State*, 235 Ga. 38, 44-46 (218 SE2d 792) (1975).
[8] *Green v. State*, 193 Ga. App. 464 (388 SE2d 57) (1989).

Traffic Court judges must be increased contemporaneously with the salaries of Fulton County State Court judges. For the reasons set forth below, we affirm.

The record shows that the salaries of Fulton County State Court judges were increased from $111,034 to $117,415 on July 1, 1999, and, on October 1, 1999, the salaries were increased again to $120,106. The City of Atlanta, however, did not contemporaneously raise the salaries of its traffic court judges, contending that it was not required to fix salaries until its new annual budget was submitted and approved in March 2000. The traffic court judges, on the other hand, contended that Georgia law required that their raises be made effective as of the date of the raises for the Fulton County State Court judges, and they filed a declaratory judgment action requesting a finding as such. In this action, the traffic court judges also contended that, because their raises should have accrued at the same time as the Fulton County State Court judges, pension benefits resulting from such payments should have accrued at the same time as well. The trial court agreed with the arguments of the traffic court judges, and the City of Atlanta appeals.

Georgia law regarding the makeup of traffic courts provides:

The annual salaries of the chief judge and each judge shall be fixed by the governing authority of each city. However, the annual salaries of the chief judge and judges shall be no less than 90 percent of the annual salaries of the judges of the state court within the territorial jurisdiction of said court.[1]

There is no controversy in this case over the fact that, in accordance with Georgia law, the traffic court judges are entitled to a raise as a direct result of the salary raise for the state court judges. The only question concerns the timing of that raise. We find that the raises must be contemporaneous.

When construing a statute, "a court must first look to the literal meaning of the act, and if the language is plain and does not lead to absurd or impractical consequences, the court has no authority to place a different construction upon it but must construe it according to its terms." *Dept. of Revenue v. Sledge.*[2]

Georgia law clearly mandates that "the annual salaries of the [traffic court] judges *shall be* no less than 90 percent of the annual salaries of the judges of the state court." (Emphasis supplied.) Ga. L. 1996, pp. 627, 629, § 4 (d). As drafted, this law creates an absolute

---

[1] Ga. L. 1996, pp. 627, 629, § 4 (d).

[2] *Dept. of Revenue v. Sledge*, 241 Ga. App. 833-834 (1) (528 SE2d 260) (2000).

minimum salary for the traffic court judges at any given time, and it does not extend the City of Atlanta any discretion in altering its directive. Accordingly, the City of Atlanta was required to raise the salaries of its traffic court judges contemporaneously with its state court judges. And, because the raises for traffic court judges must be made contemporaneously with state court judges, pension benefits resulting from such payments must also be considered to accrue contemporaneously at the time the raise should have become effective, not at some later date after the change of the fiscal year.

If the City of Atlanta were allowed to wait until it fixed its annual budget to raise the salaries of the traffic court judges sometime after raises were given to the state court judges, the absolute mandate of the law applicable to this case would be ignored. For example, if the state court judges' salaries were raised on the day after the City of Atlanta fixed its annual budget, the city, under its proposed scheme, would not have to raise the salaries of its traffic court judges for almost an entire year. The result, in practice, would be that the salaries of the traffic court judges would not be 90 percent of the state court judges for the year in question, in direct opposition to Georgia law.

Nevertheless, the City of Atlanta argues that it is prevented by its charter from increasing the salaries of the traffic court judges. Section 6-310 of the Charter of the City of Atlanta states:

> The governing body shall not increase the salaries or other remuneration in any form of any officer or employee of the city during the fiscal year except by ordinance as finally adopted and approved on or before the last day of the third month of any fiscal year; however, normal salary increments as authorized by the city's pay plan and reclassifications may be provided for, salaries for new offices or positions may be fixed, salaries may be reduced [by] economic conditions, or positions may be abolished.

Assuming that the city is correct that this provision would otherwise prohibit the salary raises mandated in this case, the outcome here does not change. As a general matter, powers which the legislature sets out in city charters "are subject to limitations and preemptions imposed by general law." *Peacock v. Ga. Municipal Assn.*[3] Therefore, the general law in this case which absolutely mandates that the traffic court judges receive certain minimum annual salaries overrides the city's Charter.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[3] *Peacock v. Ga. Municipal Assn.*, 247 Ga. 740, 742 (2) (279 SE2d 434) (1981).

DECIDED MARCH 8, 2001.

Susan P. Langford, Bernard R. Thomas, Sr., Debra A. Alford, for appellant.

McKenney & Froelich, William J. McKenney, for appellees.